Kelik Teguh Iman SANTOSO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71240.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed May 3, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM **

Kelik Teguh Iman Santoso, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). The IJ found Santoso had not established past persecution or a well-founded fear of future persecution. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review. Because the parties are familiar with the facts, we do not recite them here.

Santoso introduced evidence of harassment and discrimination on the basis of his sexual orientation, but those incidents did not rise to the level of persecution. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Therefore, Santoso did not demonstrate past persecution. *Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir.2005) (as amended). Moreover, Santoso did not introduce evidence that the government was unwilling or unable to control those who harassed him. *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir.2005).

Santoso also failed to demonstrate an objectively reasonable fear of future persecution. *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992). Rather, the evidence shows that conditions for homosexuals in Indonesia are improving.

"Having failed to establish a well founded fear of persecution, [Santoso] necessarily failed to surmount the higher standard to establish a 'clear probability' of persecution which is required for withholding of deportation." *Chanco v. INS*, 82 F.3d 298, 303 (9th Cir.1996) (quoting *Ramos–Vasquez v. INS*, 57 F.3d 857, 862 (9th Cir. 1995)).

To qualify for relief under CAT, Santoso must establish that it is "more likely than not" that he would be tortured if he returned to Indonesia. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005). Because that is a higher standard than required for asylum or withholding of removal, Santoso also failed to meet the standard for relief under CAT.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.